UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURRAY R. ROGERS                          CIVIL ACTION

VERSUS                                    NO: 09-3652

JOSEPH N. INGOLIA ET AL                   SECTION: J(2)

**ORDER**

Before the Court is Defendants' **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 27)** and supporting memoranda, as well as Plaintiff's **Response Memorandum in Opposition (Rec. Doc. 32).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

The current matter involves a complaint against multiple United States Coast Guard ("USCG") Administrative Judicial employees. Plaintiff, Murray Rogers, has filed this complaint, in which he alleges violations of due process in connection with a Suspension and Revocation ("S&R") hearing involving his mariner license.

In June of 2004, the USCG initiated a S&R action against Plaintiff in connection with the boarding of the M/V Bailey Ann. In the Complaint, the USCG alleged that Plaintiff, who was the master of the M/V Bailey Ann, violated USCG policies by leaving the wheelhouse and allowing an unlicensed mariner to navigate the

vessel.  Administrative Law Judge ("ALJ") Massey was appointed to preside over the S&R proceedings.

During the discovery phase of the S&R proceedings, the USCG failed to meet certain deadlines set by ALJ Massey.  After giving the USCG extensions of time to comply with these deadlines, and receiving a response from the USCG that they did not intend to comply with the discovery requests, ALJ Massey issued an order inviting Plaintiff to file motions for sanctions against the USCG.

On February 24, 2005, approximately two weeks after ALJ Massey issued the order inviting motions for sanctions, certain individuals from the United States Coast Guard Administrative Judicial staff had a meeting in which Plaintiff alleges that the participants discussed ALJ Massey's orders in Plaintiff's S&R hearing.  Although ALJ Massey did not attend the meeting, Plaintiff asserts that this meeting was conducted to pressure ALJ Massey into ruling in favor of the USCG in pending matters.

Plaintiff also alleges that the meeting was aimed at discussing a manner in which mariners would have limited rights during discovery proceedings and that steps were taken after the meeting to further this goal.  On March 7, 2005, approximately two weeks after the meeting, Chief ALJ Ingolia issued a policy letter to all USCG ALJs, which was entitled "GUIDELINES FOR DISCOVERY REQUESTS."  Plaintiff believes this policy letter,

2

which discussed the procedures ALJs should employ during the discovery phases of USCG administrative hearings, was issued in response to ALJ Massey's handling of the discovery in his S&R proceeding.

Nevertheless, approximately two weeks after the policy letter was issued, ALJ Massey granted Plaintiff's Motion to Dismiss the S&R action. While this decision was on appeal to the USCG Commandant, Chief ALJ Ingolia held a meeting with ALJ Massey. ALJ Massey claims that during this meeting, Chief ALJ Ingolia told her that she was supposed to be nothing more than a tool for the USCG and that there is an unwritten policy that mandates her to rule in favor of the USCG during Administrative proceedings.

Also during the pendency of the USCG's administrative appeal, Plaintiff filed a complaint in the Eastern District of Louisiana, asserting claims against numerous defendants and seeking declaratory and injunctive relief, as well as Mandamus and Bivens actions. This matter was eventually dismissed for lack of subject matter jurisdiction. The district court stated it did not have jurisdiction to hear the case because Plaintiff's administrative hearings lacked finality. Plaintiff appealed this decision to the Fifth Circuit.

During Plaintiff's appeal to the Fifth Circuit, the USCG's administrative appeal was conducted. During this hearing, the

Vice Commandant overruled ALJ Massey's dismissal of the S&R hearing and remanded the case to ALJ Smith for a new proceeding. On January 21, 2009, ALJ Smith found the allegations against Plaintiff to be truthful. As a result, Plaintiff's marine license was revoked. Coincidently, on the same day, the Fifth Circuit affirmed the dismissal of Plaintiff's action against the USCG; citing lack of subject matter jurisdiction.

After the conclusion of the aforementioned proceedings, Plaintiff filed the current suit. He alleges that during the S&R process, Defendants violated his due process. He seeks a judgment declaring the following: that Defendants violated his Fifth Amendment constitutional right to Due Process; that the adverse S&R ruling be vacated; and that Defendants violated the constitutionally mandated separation of powers during his S&R proceedings. He also asserts Bivens claims and asks that this Court find that certain Defendants, through their alleged *ex parte*, illegal communications and meetings, violated his constitutionally protected rights.

In response to these claims and requests, Defendants have filed the current motion to dismiss, in which they allege that this Court lacks subject matter jurisdiction over these issues and that Plaintiff has failed to state a claim for which relief can be granted. After reviewing the record, file, and the parties' motions and memoranda, this Court finds as follows:

4

Defendants claim that Plaintiff's case should be dismissed for various reasons.  According to Defendants, this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies prior to filing the current claim.  Defendants also argue that Plaintiff's Bivens Claims are preempted by the Administrative Appeals Process and the Administrative Procedure Act.  Defendants further argue that Plaintiff does not have valid claims because all of the named Defendants enjoy either absolute, qualified, or quasi immunity as it relates to Plaintiff's allegations.  Lastly, Defendants argue that Plaintiff is barred from making the aforementioned claims because the statute of limitations related thereto have expired.

## **DISCUSSION**

Defendants allege that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim for which relief can be granted.  A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  The burden of establishing subject matter jurisdiction falls squarely upon the plaintiff.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts." <u>Robinson v. TCI/US West Commc'ns</u>, 117 F.3d 900, 904 (5th Cir. 1997). Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981).

In deciding a motion to dismiss for failure to state a claim, the standard to be applied is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007). The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

### *Subject Matter Jurisdiction*

Defendants allege that this Court lacks subject matter jurisdiction over Plaintiff's due process claims because Plaintiff failed to pursue these issues with the administrative remedies available to him during the S&R process. Generally, plaintiffs are not able to circumvent administrative review through suit in federal court. <u>Zephyr Aviation, L.L.C. v.</u>

Dailey, 247 F.3d 565, 572 (5th Cir. 2001). A district court therefore lacks subject matter jurisdiction when due process claims are "inescapably intertwined with a review of the merits and procedures of an agency's decisions." Merritt v. Shuttle, Inc., 187 F.3d 263, 270 (2d. Cir. 1999). However, a district court does have subject matter jurisdiction over suits waging a "broad challenge to allegedly unconstitutional [administrative] practices." Mace v. Skinner, 34 F.3d 854, 859-60 (9th Cir. 1994).

Plaintiff argues that in his complaint, he has alleged a systematic approach of case-fixing and has therefore broadly challenged the USCG's authority to 1) corrupt the administrative process, 2) pre-determine the outcome of S&R actions, and 3) deny mariners the ability to have a fair trial and an unbiased appeal process. Plaintiff claims that these issues are only tangentially related to the S&R proceeding and are not inextricably intertwined.

However, Plaintiff's claims are identical to those held to be inescapably intertwined with administrative procedures in Dresser v. Ingolia, No. 07-31121, 2009 WL 139662, at *6, (5th Cir. Jan. 21, 2009).[1] As held in Dresser, "allegations of ALJs

---

[1] Dresser was the initial case filed by Plaintiff and two other individuals in this district. The case was ultimately dismissed due to lack of finality because there were appeals pending in the administrative process. However, the Fifth Circuit did address the issue of whether the claims were

7

fixing cases necessitates a review of the ALJs' decision making and the merits of [the] plaintiff's arguments regarding whether his license should have been revoked." Id. Plaintiff asks this Court to find that his claims are akin to those made by the plaintiff in Mace, a case in which the Court held that the district court enjoyed subject matter jurisdiction because the plaintiff broadly challenged the constitutionality of the administrative process. Mace, 34 F.3d 854 (9th Cir. 1994). However, in Mace, the plaintiff challenged the agency's authority to bring revocation actions and its failure to promulgate rules related to the revocation procedures. Here, Plaintiff's Bivens claims require a new adjudication of the evidence and testimony adduced in prior revocation hearings, the credibility determinations made by the ALJ, and, ultimately, the findings made by the ALJ during the course of the proceedings. Therefore, this Court lacks subject matter jurisdiction to hear Plaintiff's Bivens claims.

Defendants also claim that Plaintiff's Bivens claims are preempted by the APA. Having decided that this Court lacks subject matter jurisdiction over the Bivens claims, considering the Bivens preemption issue would be premature. As a result, this Court will not address that issue. See Dresser, 2009 WL

---

inescapably intertwined. See Dresser, 2009 WL 139662. Although Plaintiff has reworded his claims in this case, the basis of the claims are identical to those in Dresser.

8

139662, at *6 (stating that the district court's consideration of Bivens preemption was premature because the court lacked subject matter jurisdiction over the claims). Likewise, this Court will not address whether the Government employees are immune from the Bivens claims.[2]

***Statute of Limitations***

Defendants also argue that Plaintiff's claims, both the Bivens and the declaratory judgement claims, are barred by statute of limitations. Under Louisiana law, the applicable prescription period for Plaintiff's claims is one-year. La. Civ. C. art. 3492, cmt. (b). However, this period is interrupted by the filing of suit, even if filed in an improper court. La. Civ. C. art. 3462. Plaintiff's prescriptive period was effectively tolled by the filing of the claims in the initial suit. Plaintiff's claims were dismissed, without prejudice by the Fifth

---

[2] It should be noted that Plaintiff has also requested declaratory relief under 28 U.S.C. § 2201. This Court is not dismissing Plaintiff's declaratory judgment claims as subject matter jurisdiction exists over those claims and Defendants cannot assert immunity against claims for injunctive relief relating to acts performed in their official capacities. See Minton v. St. Bernard Parish School Bd., 803 F.2d 129, 134 (5th Cir. 1986) ("[O]fficial immunity doctrines are premised upon the concern that the threat of personal liability may deter government officials from exercising their offices with the decisiveness and good faith judgment required for the public good, the immunity does not protect officials when they are not threatened with personal liability. It does not, therefore, bar injunctive relief or suits in which officials are sued only in their official capacities[.]").

9

Circuit, for lack of subject matter jurisdiction in January of this year. Since Plaintiff's prescriptive period was interrupted, Plaintiff's current suit is timely filed.

Considering the foregoing, **IT IS ORDERED** that Plaintiff's **Bivens claims** are hereby **DISMISSED**, without prejudice.

New Orleans, Louisiana, this  5th  day of    February   , 2010.

_____
United States District Judge