UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURRAY R. ROGERS                              CIVIL ACTION

VERSUS                                        NO: 09-3652

JOSEPH N. INGOLIA ET AL                       SECTION: J(2)

### ORDER AND REASONS

Before the Court is Defendants' **Motion for Reconsideration Regarding Rec. Doc. 45, Order on Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 48)** and supporting memoranda, as well as Plaintiff's **Response Memorandum in Opposition (Rec. Doc. 49).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

The current matter involves a complaint against multiple United States Coast Guard ("USCG") Administrative Judicial employees. Plaintiff, Murray Rogers, has filed this complaint, in which he alleges violations of due process in connection with a Suspension and Revocation ("S&R") hearing involving his mariner license.

In June of 2004, the USCG initiated a S&R action against Plaintiff in connection with the boarding of the M/V Bailey Ann. In the Complaint, the USCG alleged that Plaintiff, who was the master of the M/V Bailey Ann, violated USCG policies by leaving

the wheelhouse and allowing an unlicensed mariner to navigate the vessel.  Administrative Law Judge ("ALJ") Massey was appointed to preside over the S&R proceedings.

During the discovery phase of the S&R proceedings, the USCG failed to meet certain deadlines set by ALJ Massey.  After giving the USCG extensions of time to comply with these deadlines, and receiving a response from the USCG that they did not intend to comply with the discovery requests, ALJ Massey issued an order inviting Plaintiff to file motions for sanctions against the USCG.

On February 24, 2005, approximately two weeks after ALJ Massey issued the order inviting motions for sanctions, certain individuals from the United States Coast Guard Administrative Judicial staff had a meeting in which Plaintiff alleges that the participants discussed ALJ Massey's orders in Plaintiff's S&R hearing.  Although ALJ Massey did not attend the meeting, Plaintiff asserts that this meeting was conducted to pressure ALJ Massey into ruling in favor of the USCG in pending matters.

Plaintiff also alleges that the meeting was aimed at discussing a manner in which mariners would have limited rights during discovery proceedings and that steps were taken after the meeting to further this goal.  On March 7, 2005, approximately two weeks after the meeting, Chief ALJ Ingolia issued a policy letter to all USCG ALJs, which was entitled "GUIDELINES FOR

2

DISCOVERY REQUESTS." Plaintiff believes this policy letter, which discussed the procedures ALJs should employ during the discovery phases of USCG administrative hearings, was issued in response to ALJ Massey's handling of the discovery in his S&R proceeding.

Nevertheless, approximately two weeks after the policy letter was issued, ALJ Massey granted Plaintiff's Motion to Dismiss the S&R action. While this decision was on appeal to the USCG Commandant, Chief ALJ Ingolia held a meeting with ALJ Massey. ALJ Massey claims that during this meeting, Chief ALJ Ingolia told her that she was supposed to be nothing more than a tool for the USCG and that there is an unwritten policy that mandates her to rule in favor of the USCG during Administrative proceedings.

Also during the pendency of the USCG's administrative appeal, Plaintiff filed a complaint in the Eastern District of Louisiana, asserting claims against numerous defendants and seeking declaratory and injunctive relief, as well as Mandamus and Bivens actions. This matter was eventually dismissed for lack of subject matter jurisdiction. The district court stated it did not have jurisdiction to hear the case because Plaintiff's administrative hearings lacked finality. Plaintiff appealed this decision to the Fifth Circuit.

During Plaintiff's appeal to the Fifth Circuit, the USCG's

administrative appeal was conducted. During this hearing, the Vice Commandant overruled ALJ Massey's dismissal of the S&R hearing and remanded the case to ALJ Smith for a new proceeding. On January 21, 2009, ALJ Smith found the allegations against Plaintiff to be truthful and admonished Plaintiff to observe the requirements of 46 C.F.R. § 15.401. Coincidently, on the same day, the Fifth Circuit affirmed the dismissal of Plaintiff's action against the USCG; citing lack of subject matter jurisdiction.

After the conclusion of the aforementioned proceedings, Plaintiff filed the current suit. In his complaint, he alleged that during the S&R process, Defendants violated his due process rights. Plaintiff sought a judgment declaring the following: that Defendants violated his Fifth Amendment constitutional right to Due Process; that the adverse S&R ruling be vacated; and that Defendants violated the constitutionally mandated separation of powers during his S&R proceedings. Plaintiff also asserted Bivens claims and asked this Court to find that certain Defendants, through their alleged *ex parte*, illegal communications and meetings, violated his constitutionally protected rights.

On February 5, 2010, this Court issued an order which dismissed Plaintiff's Bivens claims for lack of subject matter jurisdiction. The Court denied Defendants' motion to dismiss the

4

declaratory judgment claims and ordered that despite Defendants' arguments, "subject matter jurisdiction exists over those claims and Defendants cannot assert immunity against claims for injunctive relief relating to acts performed in their official capacities."

Defendants have now filed the current motion in which they ask this Court to reconsider its holding regarding the declaratory judgment claims.

## **PARTIES' ARGUMENTS**

Defendants argue that in light of the dismissal of the Bivens claims, the declaratory judgment claims should be dismissed for lack of subject matter jurisdiction because any declarative order issued will not change the legal relationship between the parties; therefore, the claims fail to present a case or controversy. Defendants also allege that Plaintiff's claims should be dismissed because they fail to state a claim or controversy for which relief can be granted.

Plaintiff argues that this Court should not consider the merits of Defendants' Motion for Reconsideration. They argue that the issues raised in Defendants' motion could have been raised in the motion to dismiss. They further argue that Defendants do not raise an intervening change in controlling law, nor do Defendants rely on, or present, new evidence. Therefore, according to Plaintiff, the Motion for Reconsideration should be

denied pursuant to Rule 59.

**DISCUSSION**

I. Motion for Reconsideration

Plaintiff's argument regarding Defendants' ability to bring the motion for reconsideration is moot. Defendants are alleging that this Court lacks subject matter jurisdiction to hear Plaintiff's declaratory judgment claims. A motion to dismiss for lack of subject matter jurisdiction can be raised at anytime. It would be a waste of judicial resources if this Court declined to address the merits of Defendants' subject matter jurisdiction claims because procedurally, Defendants can immediately readdress the issue in a subsequent motion or even on appeal.

II. Subject Matter Jurisdiction

Defendants allege that Plaintiff's declaratory judgment claims should be dismissed for lack of subject matter jurisdiction because the claims fail to present a case or controversy. Proof of a case or controversy requires a litigant show that:

> (1) he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" [injury in fact]; (2) "that the injury fairly can be traced to the challenged action" [causation]; and (3) that the injury "is likely to be redressed by a favorable decision." [redressability].

Lawson v. Callahan, 111 F.3d 403, 404-05 (5th Cir. 1997). It is unnecessary to address the first two requirements (injury in fact and causation) because Plaintiff has failed to meet the third

requirement - redressability. In his complaint, Plaintiff requests that the Court declare the following: that Defendants violated his Fifth Amendment constitutional right to Due Process; that the adverse S&R ruling be vacated; and that Defendants violated the constitutionally mandated separation of powers during his S&R proceedings. However, regardless of whether this Court issued a declarative order on these issues, any alleged injury to Plaintiff will not be redressed. At the conclusion of the S&R hearing, Plaintiff was admonished and ordered to observe the requirements of 46 C.F.R. § 15.401. Section 15.401 states:

> A person may not employ or engage an individual, and an individual may not serve, in a position in which an individual is required by law or regulation to hold a license, certificate of registry, merchant mariner's document, transportation worker identification credential, and/or merchant mariner credential, unless the individual holds all credentials required, as appropriate authorizing service in the capacity in which the individual is engaged or employed and the individual serves within any restrictions placed on the credential. Beginning April 15, 2009, all mariners holding an active license, certificate of registry, MMD, or MMC issued by the Coast Guard must also hold a valid transportation worker identification credential (TWIC) issued by the Transportation Security Administration under 49 CFR part 1572.

Even if Plaintiff were not admonished to observe the requirements of 46 C.F.R. § 15.401 at the conclusion of the S&R hearing, his duties, as a licensed mariner, would have required him to abide by those requirements. Further, the only discernable injury that Plaintiff asserts is that his actions in relation to the S&R proceedings, as well as the allegations he

7

asserted of case-fixing by Coast Guard officials, has severely restricted his employment opportunities in the maritime industry. According to Plaintiff, "[e]mployers are loathe to hire a merchant mariner whom they believe will be constantly scrutinized by the Coast Guard for levying these accusations." This Court does not find that any of the relief requested by Plaintiff will redress these alleged injuries.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Reconsideration is **GRANTED.** This Court does not have subject matter jurisdiction over Plaintiff's declaratory judgment claims because the claims fail to present a case or controversy.[1] Therefore, **IT IS FURTHER ORDERED** that Plaintiff's declaratory judgment claims are hereby **DISMISSED.**

New Orleans, Louisiana, this <u>8th</u> day of <u>  June  </u>, 2010.

_____
United States District Judge

---

[1] Plaintiff's Bivens claims were previously dismissed. His sole remaining claims fall under the Declaratory Judgment Act. Therefore, this Court also finds that no subject matter jurisdiction exists because the Declaratory Judgment Act "does not confer subject matter jurisdiction on a federal court where none otherwise exists." <u>Lawson</u>, 111 F.3d at 405.